

# Fourth Court of Appeals
## San Antonio, Texas

July 28, 2016

No. 04-16-00067-CV

**IN THE INTEREST OF A.M., A CHILD**,

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-09974
Honorable Martha B. Tanner, Judge Presiding

# O R D E R

Appellant timely filed appellant's brief on July 27, 2016. The brief does not comply with several provisions of Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a proper index of authorities, in that it does not state the page numbers in the brief wherein the cited authorities may be found;
(2) a statement of the case **with sufficient record reference**s;
(3) a statement of facts **with sufficient record references**;
(4) proper legal argument **with appropriate citation to authorities and the appellate record** (and appellant has "lumped" all of argument for the multiple issues raised in a single section without sufficiently denoting what portion of the argument relates to which issue); or
(5) a certificate of compliance.

*See id.* R. 38.1(c) (requiring index of authorities that is arranged alphabetically and indicates pages of brief where authorities are cited); *id.* R. 38.1(d) (requiring statement of case supported by record references); *id.* R. 38.1(g) (requiring statement of facts with record reference); *id.* R. 38.1(i) (requiring argument with appropriate citation to authority and record); *id.* R. 9.4(i)(3) (requiring that computer generated documents include a certificate of compliance stating the number of words in document).

Moreover, the brief is not properly formatted. First, it is single-spaced, but the Texas Rules of Appellate Procedure mandate that documents filed with the court be double-spaced except for footnotes, block quotations, short lists, and issues or points of error. *Id.* R. 9.4(d). Second, it appears as if the typeface is smaller than that permitted by Rule 9.4(e), which requires that a document printed on a computer be printed in typeface no smaller than 14-point type, except for footnotes. *Id.* R. 9.4(e).

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before **August 17, 2016**. The amended brief must correct the violations listed above and fully comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See id.* R. 38.1. Appellant should ensure that the argument portion of the brief is divided in such a way that this court and appellee can discern which portion of the argument relates to which issue. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Marialyn Barnard, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of July, 2016.

_____
Keith E. Hottle
Clerk of Court